Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| GALAXIA PERFORMANCE LLC<br><br>Apelante<br><br>v.<br><br>VIRGINIA MELÉNDEZ SANTANA<br><br>Apelada | KLAN202400710 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Civil Núm.: GB2022CV01180 (201)<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 18 de octubre de 2024.

Comparece Galaxia Performance LLC ("Galaxia" y "parte apelante") mediante un *Recurso de Apelación.* Nos solicita la revocación de una S*entencia* emitida el 1 de julio de 2024 y notificada el 2 de julio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Guaynabo ("foro primario" o "foro *a quo*"). Por virtud de la misma, el foro primario decretó la desestimación del caso presente al amparo de la Regla 39.2 (a) de Procedimiento Civil.

Por los fundamentos que anteceden, **revocamos** la *Sentencia* apelada.

## I.

El 21 de diciembre de 2022, Galaxia instó una *Demanda* en cobro de dinero y ejecución de hipoteca contra la señora Virginia

Número Identificador

SEN(RES)2024_____

Meléndez Santana ("Meléndez Santana" o "apelada").[1] En ajustada síntesis, alegó que el 27 de octubre de 1999 la parte demandada suscribió una garantía hipotecaria a favor de Doral Mortgage Corporation, o a su orden, por la suma de $187,000.00 más intereses al 9.00% anual sobre una propiedad inmueble radicada en Guaynabo.[2] **Aseveró que actualmente el pagaré hipotecario se encuentra endosado a su favor.** (Énfasis nuestro).

Según relató la entidad demandante, el 30 de diciembre de 2010, ambas partes suscribieron una *Escritura de Modificación de Hipoteca y Cancelación Parcial Núm. 135* a los fines cancelar parcialmente la garantía hipotecaria y establecer un nuevo pago principal de $174,529.95 con interés variable.[3] No obstante, adujo que la señora Meléndez Santana no ha cumplido con los pagos mensuales desde el 1 de abril de 2022. Por tanto, señaló que adeuda (1) $109,732.89 del pago principal más intereses al tipo pactado de 7.00% anual, (2) $127,248.64 por pago diferido, y (3) la correspondiente suma por las primas derivadas del seguro hipotecario, contribuciones sobre la propiedad y demora. Indicó, además, que adeuda $17,453.00 en concepto de gastos, costas y

---

[1] *Apéndice de parte apelante*, págs. 1-14.
[2] Galaxia transcribió en su *Demanda* la descripción registral de la propiedad inmueble:

> URBANA: Solar radicado en el Barrio Frailes del Municipio de Guaynabo, Puerto Rico, con una cabida superficial de mil seiscientos sesenta y ocho metros cuadrados punto nueve mil seiscientos ochenta diezmilésimas de otro metros cuadrado (1,688.9680) (así surge), en lindes por el NORTE, con camino municipal denominado camino Norte en el Plano y con Solar número tres (3) del Plano de la finca de la cual se segrega; por el SUR, con un camino municipal denominado camino Sur en el plano; por el ESTE, con la confluencia de los caminos denominados en el plano como Camino Norte y Camino Sur; y por el OESTE, con la parcela F. segregado según el caso número cinco guion sesenta y ocho guion cero cinco ochenta y tres LS (5-68-0583LS). ---Inscrita al folio 140 del tomo 873 de Guaynabo, Finca #32,458. Registro de la Propiedad de Puerto Rico, Sección de Guaynabo.

[3] La parte demandante sostuvo que la fecha de vencimiento de la garantía hipotecaria iniciaría el 1 de febrero de 2012 hasta el 1 de noviembre de 2039 de acuerdo a las constancias del Registro de la Propiedad.

honorarios de abogados. Así manifestado, solicitó la celebración de una vista de necesidad a tenor con la Ley para Mediación Compulsoria y Preservación de tu Hogar en los Procesos de Ejecuciones de Hipotecas de una Vivienda Principal.[4]

En respuesta a esta petición, el 14 de marzo de 2023, el tribunal *a quo* emitió *Orden de Referido al Centro de Mediación de Conflictos en Casos de Ejecución de Hipotecas*, notificada el 16 de marzo de 2023.[5] En lo pertinente, dispuso lo siguiente:

> A tenor con lo dispuesto en la Ley Núm. 184-2012, según enmendada, y el Reglamento de Métodos Alternos para la Solución de Conflictos, según enmendado, **se refiere el presente caso a un Centro de Mediación de Conflictos de la Rama Judicial.** El proceso de mediación compulsoria que exige la Ley 184-2012, supra, se llevará a cabo de manera remota mediante videoconferencia. El Centro de Mediación notificará a las partes la fecha y hora separada para iniciar el proceso de mediación en este caso.

Consecuentemente, el 8 de mayo de 2023, el Centro de Mediación de Conflictos ("CMC") sometió una *Moción Informativa sobre Caso de Ejecución de Hipoteca Intramuros*.[6] En esencia, indicó que el foro primario refirió el caso al Centro de Bayamón. Sin embargo, peticionó una reasignación al proyecto de intramuros de Humacao. Puntualizó que el sistema de videoconferencia intramuros posibilita que el servicio se brinde en todas las regiones judiciales, independientemente del lugar en donde residan los participantes o ubiquen los inmuebles. Evaluada esta solicitud, el 15 de mayo de 2023, el tribunal emitió una *Orden* por virtud de la cual declaró *Ha Lugar* la reasignación.[7]

Así las cosas, el 21 de julio de 2023, la señora Meléndez Santana presentó *Contestación de la Demanda* en la cual aceptó

---

[4] Ley Núm. 184-2012, 32 LPRA sec. 2881.
[5] *Íd.*, págs. 30-32.
[6] *Íd.*, págs. 37-38.
[7] *Íd.*, pág. 39.

la mayoría de las alegaciones.[8] No obstante, impugnó las siguientes alegaciones bajo el fundamento de falta de información y creencia:

> 11. La parte demandante está en posición de acreditar y garantizar a este Tribunal que ha hecho todos los esfuerzos para ayudar a la parte demandada a que conserve la propiedad, en cumplimiento de la "Ley de Ayuda al Deudor Hipotecario," Ley Núm. 169-2016, 32 LPRA §§ 2891 et seq., y su contraparte en la Sección 1024.41 del Capítulo 12 del Código de Regulaciones Federal (CFR) al haber evaluado cualquier y toda solicitud de mitigación de pérdidas presentada por la parte demandada dentro del periodo contemplado.
>
> **12. La parte demandante se encuentra en posesión del original del Pagaré, el cual es un instrumento negociable bajo las disposiciones de la Ley de Transacciones Comerciales de Puerto Rico, Ley 208-1995, 19 LPRA §§ 401 et seq. Siendo el Pagaré pagadero a la orden de Luna y estando en su posesión, Luna es su tenedora y, por lo tanto, persona con derecho a exigir su cumplimiento.** (Énfasis nuestro).

Tras la celebración del proceso de mediación, el 13 de noviembre 2023, el CMC presentó *Moción Informativa sobre Resultado de Caso de Ejecución de Hipoteca Atendido Mediante Intramuros por Servicio de Videoconferencia.*[9] En esta, expuso que atendió el caso a través del Proyecto de Intramuros en Caguas. De conformidad con lo anterior, adjuntó la *Aceptación de Acuerdos de Mediación.*[10]

Surge del referido acuerdo que, las partes pactaron la modificación de la garantía hipotecaria condicionada a un periodo de prueba de seis (6) meses en los cuales la señora Meléndez Santana se comprometió a pagar $1,065.89. Del escrito se desprende que, acordaron que el periodo de prueba sería efectivo desde el 1 de noviembre del 2023 y culminará el 1 de abril del

---

[8] *Íd.*, págs. 42-43. Surge del expediente ante nuestra consideración que el 12 de mayo de 2023, el representante legal de la parte demandada presentó una *Moción Asumiendo Representación Legal.* Véase, también, Apéndice de parte apelante, pág. 40.
[9] *Íd.,* pág. 48.
[10] *Íd.* págs. 49-52.

2024. Al respecto, las partes establecieron que procedería el siguiente trámite una vez concluyera dicho periodo:

4. Luego de transcurrido el periodo de prueba satisfactoriamente, la Sra. Juarbe Grajales en representación de Galaxia Performance LLC orientó al Lic. Albizu Merced en representación de la Sra. Meléndez Santana que personal del Departamento de Loss Mitigation del Acreedor Hipotecario se comunicará para coordinar la fecha, hora y lugar para la firma de la documentación de la nueva escritura de modificación del préstamo hipotecario.

5. Los participantes acuerdan que de surgir algún inconveniente que aplace la firma de la Escritura de Modificación; la Sra. Meléndez Santana continuará efectuando el pago del préstamo hipotecario por la cantidad de $1,065.89 dólares mensuales.

6. 6.Que en la cuenta hipotecaria existe un balance de $255,900.31, de los cuales se estará modificando $195,900.31, el restante $60,000.00 se llevará al final del préstamo. Este balance diferido no generará intereses y la Sra. Virginia Meléndez Santana; deberá hacer las gestiones para saldar o refinanciar dicha cantidad antes de que termine la modificación.

7.Que la modificación tendrá las siguientes especificaciones:

a. Que se estará modificando aproximadamente la cantidad de $195,900.31.

b. Que tendrá un interés fijo de 5.0 %

c. Que el pago aproximado será de $1,065.89, que incluye $1,051.64 de interés y principal y $14.25 de escrow.

d. Que el término del préstamo en la modificación será de 30 años, por lo que la fecha de vencimiento se proyecta para el mes de octubre 2053.

8. Que, si la Sra. Virginia Meléndez Santana no cumple con el periodo de prueba y la firma de la escritura de modificación, Galaxia Performance, LLC solicitará la continuación de los procesos de ejecución en el caso GB2022CV01180.

9. Que, si la Sra. Virginia Meléndez Santana cumple con el periodo de prueba y la firma de la escritura de modificación, Galaxia Performance, LLC tendrá 30 días para presentar en el tribunal una Moción de Desistimiento en el caso GB2022CV01180.[11]

Cónsono con lo antes esbozado, el 14 de noviembre de 2023, el foro primario emitió una *Orden*, notificada el 16 de noviembre de 2023, en la cual dio por concluido el procedimiento de mediación.[12] A su vez, concedió el término de treinta (30) días

---

[11] *Íd.*, págs. 49-50.
[12] *Íd.*, pág. 53.

para que las partes promovieran una sentencia por consentimiento o de desistimiento.

En respuesta, el 1 de diciembre de 2023, Galaxia presentó una moción intitulada *Cumplimiento de Orden* acompañada de un *Proyecto de Sentencia.*[13] En su moción, peticionó que el foro primario dictara una *Sentencia* por el acuerdo alcanzado. Aseveró, además, que una vez las partes autoricen la *Escritura de Modificación,* presentaría el desistimiento del caso. Evaluada su petición, el 8 de diciembre, el tribunal emitió una *Orden* en la cual decretó la celebración de una vista el 13 de diciembre de 2023 a través del sistema de videoconferencia.[14]

Tras la celebración de esta vista, el 11 de enero de 2024, el foro *a quo* emitió y notificó una *Minuta*[15] con el siguiente pronunciamiento judicial:

> A la Vista señalada para hoy compareció la parte demandante, asistida por la Lcda. Isabel C. Rodríguez de la Llana y la parte demandada, compareció asistida por el Lcdo. Ángel R. Albizu Merced.
>
> La licenciada Rodríguez de la Llana informa que la parte demandada firmó un periodo de prueba de plan de pago que consta de seis (6) meses. Durante este periodo la parte demandada tiene que pagar correctamente y una vez culminado se procede a firmar la escritura de modificación. Se solicita al Tribunal la paralización del caso.
>
> El licenciado Albizu Merced solicita se dicte sentencia por consentimiento según el acuerdo de plan de pago alcanzado.
>
> **El Tribunal no puede paralizar el caso ya que se tiene un acuerdo entre las partes suscrito ante el Centro de Mediación de Conflicto, desde el 9 de noviembre de 2023 y finaliza en abril de 2024. Se concede a las partes el término de treinta (30) días para que se presente acuerdo por consentimiento**. (Énfasis nuestro).

En cumplimiento con lo anterior, el 19 de enero de 2024, Galaxia presentó una *Solicitud de Sentencia por Consentimiento.*[16]

---

[13] *Íd.*, pág. 54.
[14] *Íd.*, pág. 56.
[15] *Íd.*, pág. 57.
[16] *Íd.*, págs. 61-66.

Entre otros extremos, solicitó que el tribunal acogiera el acuerdo suscrito por las partes. Además, **peticionó que determinara que la parte demandante tiene a su favor un pagaré hipotecario sobre el inmueble descrito y sus respectivas estructuras y mejoras**. (Énfasis nuestro). Advirtió que, de no efectuarse el pago, le correspondía al foro primario emitir un mandamiento de ejecución de sentencia para vender al mejor postor la propiedad inmueble gravada.

Luego de evaluar su solicitud, el 7 de febrero de 2024, el foro primario decretó *Orden*, notificada el 9 de febrero de 2024. En este dictamen requirió que la parte demandante presentara los siguientes documentos, a saber: **(1) copia de la escritura de hipoteca, (2) copia alterna del pagaré en que figuren los endosos de forma legible, (3) certificación registral y (4) declaración jurada en torno al balance adeudado**.[17] (Énfasis nuestro). Con posterioridad, el 11 de marzo de 2024, el tribunal señaló mediante *Orden* que contaba con un término de cinco (5) adicionales para presentar los documentos requeridos en la *Orden* emitida el 7 de febrero de 2024.[18] En respuesta, el 14 de marzo de 2024, Galaxia sometió una moción intitulada *Cumplimiento de Orden* acompañada de los siguientes documentos: (1) *Copia de la Escritura de Hipoteca,* (2) *Copia de la Escritura de Modificación,* (3) *Copia del Pagaré,* y (4) *Certificación Registral* (Anejo IV).[19]

Evaluada dicha petición a la luz de los documentos presentados, el 15 de marzo de 2024, el tribunal emitió una *Orden,* notificada el 18 de marzo de 2024.[20] **En esta, decretó la**

---

[17] *Íd.*, pág. 70.
[18] *Íd.*, pág. 71.
[19] *Íd.*, pág. 72.
[20] *Íd.*, pág. 118.

**celebración de una vista para el 15 de abril de 2024 a los fines efectuar un examen del pagaré con sus endosos en original**. No obstante, llegado ese día, el tribunal emitió y notificó una *Minuta* en la cual recalendarizó dicho procedimiento para el **29 de abril de 2024**, toda vez que la representación legal de la entidad demandante, así como la señora Meléndez Santana, se encontraban indispuestas de salud.[21]

El 19 de abril de 2024, Galaxia presentó una *Moción Conjunta, Informativa y Solicitando Que Se Dicte Sentencia por Consentimiento*.[22] En esta, informó que la parte demandada por conducto de su representación legal acudió a su oficina para examinar el *Pagaré* objeto del presente litigio. Aseveró que la señora Meléndez Santana indicó que no existía duda de que el referido pagaré se encuentra en posesión de Galaxia. Por tanto, aseguró que las partes no tienen reparo en que el tribunal dicte sentencia por consentimiento. **Luego de considerar su petición, el 19 de abril de 2024, el foro a *quo* reiteró mediante *Orden*, notificada el 23 de abril de 2024, que procedía celebrar el proceso calendarizado para el 29 de abril de 2024**. [23] (Énfasis nuestro).

Aproximada la fecha de la vista, el 26 de abril de 2024, la representación legal de Galaxia presentó *Moción Solicitando Breve Turno Posterior* a los fines pautar tal procedimiento para las 4:00 p.m. en vez de las 3:00 p.m.[24] Ese día, el foro *a quo* emitió *Orden en* la que declaró *No Ha Lugar* tal solicitud, pues la representación legal no evidenció el alegado conflicto de horario.[25]

---

[21] *Íd.*, pág. 119.
[22] Íd., pág. 120.
[23] *Íd.*, pág. 122.
[24] *Íd.*, pág. 123.
[25] *Íd.*, pág. 125.

Continuado el procedimiento a tenor con el calendario judicial, el **29 de abril de 2024**, el tribunal celebró la vista para efectuar el examen del pagaré en controversia. **Como resultado de este proceso, emitió una *Minuta*, notificada el 22 de mayo de 2024,** con los siguientes aspectos:

> A la vista compareció la parte demandante representada por la Lcda. Delma L. Berríos Mercado. Compareció la parte demandada representada por el Lcdo. Ángel R. Francisco Albizu.
>
> La presente vista es para examinar el pagaré con los endosos en original, ya que el Tribunal tiene una preocupación en cuanto a los endosos. original.
>
> La parte demandante presenta en corte abierta el pagaré con los endosos en Media una solicitud de sentencia por consentimiento, pero se está tratando de confirmar la legitimación de Galaxia Performance LLC., para esta causa de acción y que le corresponde la acreencia.
>
> **Luego de examinar el pagaré con todos los endosos cancelados, no se logra identificar el tracto en los endosos. Se le pregunta a la parte demandante su teoría de cuál fue el orden de los endosos. La parte demandante cuestiona el propósito de la vista. Luego, a instancia del Tribunal, argumenta en torno al tracto de los endosos. El Tribunal repasa los endosos e identifica falta de tracto.**
>
> **El Tribunal concede el término de treinta (30) días a la parte demandante para justificar el tracto de los endosos. A su vez, requiere evidencia del negocio jurídico mediante el cual Galaxia obtuvo la acreencia, toda vez que el endoso a su favor consta en un folio aparte que no tiene referencia al número del préstamo o el nombre de la deudora. La parte demandante solicita se notifique por escrito la orden del Tribunal**. (Énfasis nuestro). [26]

Transcurrido el término dispuesto, el 7 de junio de 2024, el foro primario emitió una *Orden,* notificada el 10 de junio de 2024. En lo pertinente, decretó lo siguiente:

> **El 29 de abril de 2024, concedimos a las partes demandante hasta el 29 de mayo de 2024, para clarificar el tracto de los endosos del pagaré y otros pormenores. Transcurrido en exceso del plazo conferido, sin contar con el beneficio de su cumplimiento, muestre causa en 10 días la parte demandante por la cual no deba desestimarse su demanda a tenor con la Regla 39.2 (a) de Procedimiento Civil.[27]**

---

[26] *Íd.*, pág. 151.
[27] *Íd.*, pág. 153.

De conformidad con lo anterior, 19 de junio de 2024, Galaxia presentó una *Moción en Cumplimiento de Orden e Informativa Cumplimiento con Regulación Federal y Solicitud de Paralización.*[28] **En particular, alegó que el tribunal notificó el 22 de mayo de 2024, la orden judicial recogida en la *Minuta* del 29 de abril de 2024. En vista de ello, razonó que el término de treinta (30) días para cumplir la orden o presentar el escrito de revisión judicial no había transcurrido.** (Énfasis nuestro). A su vez, reiteró que le correspondía al foro *a quo* dictar sentencia por consentimiento según el acuerdo suscrito entre las partes.

Luego de examinar tal argumentación, el 1 de julio de 2024, el tribunal apelado emitió una *Sentencia*, notificada al día siguiente:

> El 29 de abril de 2024, celebramos vista en que la parte demandante no logró establecer el tracto en los endosos del pagaré. De conformidad, otorgamos plazo de treinta días a la parte demandante para clarificar el tracto en los endosos. Mediante moción presentada el 19 de junio de 2024, la parte demandante reiteró su criterio de que carecíamos de facultad para emitir la orden precedente, ante lo cual afianzó su incumplimiento. No consta solicitud de reconsideración de la orden o recurso apelativo.
>
> Trasluce de su postura ser del criterio que el cumplimiento de una orden judicial queda a discreción de las partes, sujeto a su conformidad con lo ordenado. Naturalmente, no resulta razonable este curso de acción, al estar reñido con la sana administración de la justicia y el decoro debido en el recinto de un Tribunal.
>
> **Transcurrido en exceso del plazo conferido, con amplia y reiterada oportunidad concedida, sin el beneficio del cumplimiento de la parte demandante, se desestima la presente causa de acción, sin perjuicio, en virtud de la regla 39.2 (a) de procedimiento civil.** (Énfasis nuestro).

Inconforme con el proceder judicial, el 29 de julio de 2024, Galaxia compareció mediante un *Recurso de Apelación.* En su escrito, presentó los siguientes señalamientos de error:

---

[28] *Íd.*, págs. 154-158.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ACTUÓ CONTRARIO A DERECHO AL DESESTIMAR EL CASO Y DENEGAR UNA SENTENCIA POR CONSENTIMIENTO, A PESAR DE QUE LAS ESTIPULACIONES OBLIGAN A LAS PARTES Y AL TRIBUNAL.

ERRÓ AL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DESESTIMAR EL CASO Y DENEGAR UNA SENTENCIA POR CONSENTIMIENTO ADUCIENDO QUE ES NECESARIO PRESENTAR EVIDENCIA NO PERTINENTE A LA CONTROVERSIA PARA JUSTIFICAR LA DESESTIMACIÓN DEL CASO.

El 16 de agosto de 2024, esta Curia emitió *Resolución* ordenando a la señora Meléndez Santana a presentar su posición dentro del término de treinta (30) días según dispone la Regla 22 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 22.

## II.

### A. Discreción judicial en el manejo de casos

La Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1, procura un ordenamiento procesal que garantice el acceso a los tribunales y el adecuado manejo del proceso. Esta norma procura "una solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R. 1. Para alcanzar tales propósitos, los jueces de instancia gozan de "flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". *In re Collazo I*, 159 DPR 141, 150 (2003). Es decir, ostentan la autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.* A su vez, tales facultades permiten que los juzgadores de hechos manejen los casos conforme con su discreción judicial. Por lo que, tienen autoridad para actuar dentro de "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera" *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 212 DPR 194, 210 (2023) No obstante, en este ejercicio discrecional,

"el tribunal no puede actuar en una forma u otra haciendo abstracción del derecho". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013).

Cónsono con lo anterior, el foro primario tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora y con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró*, 181 DPR 517, 529 (2011). Por tal razón, los tribunales revisores apelativos no debemos sustituir el criterio producto de la discreción judicial, salvo que se pruebe (1) una actuación con prejuicio o parcialidad; (2) craso abuso de discreción, o (3) **una equivocación en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo**. *Rivera Gómez v. Arcos Dorado de Puerto Rico, supra*, pág. 210. (Énfasis nuestro).

### B. Sentencia por consentimiento a tenor con la Regla 35.4 de Procedimiento Civil

La Regla 35.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 35.4, preceptúa la normativa en torno a las sentencias por consentimiento. En lo pertinente, la enunciada disposición reglamentaria dispone lo siguiente:

> (a) Podrá dictarse sentencia sin la celebración de un juicio o sin haberse iniciado un pleito, fundada en el consentimiento de una persona con capacidad legal para obligarse, ya sea por dinero debido o que haya de deber, o para asegurar a otra contra responsabilidades eventuales contraídas a favor de la parte demandada, o por ambas cosas, en la forma prescrita en esta regla. Una vez el tribunal pase juicio, la misma será registrada y notificada por el Secretario o Secretaria del tribunal y advendrá final y firme desde la fecha de su registro.
>
> (b) Dicho consentimiento deberá aparecer de un escrito firmado bajo juramento por la parte demandada, haciendo constar lo siguiente:
>> (1) Su autorización para que se dicte sentencia en su contra por una suma determinada.
>> (2) Si es por dinero debido o que haya de deberse, expondrá concisamente los hechos y el origen de la deuda, y demostrará que la suma consentida se debe o se deberá en justicia.

(3) Si es con el fin de garantizar a la parte demandante contra una responsabilidad eventual, expondrá concisamente los hechos constitutivos de la responsabilidad y demostrará que la suma consentida no excede del importe de la responsabilidad.

En su interpretación reglamentaria, el profesor Rafael Hernández Colón explica que una mera estipulación aprobada por el tribunal puede disponer por sentencia con carácter final, si así se pacta, de cualquier reclamación al autorizar la sentencia por consentimiento. R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed.*,* San Juan, Ed. Lexisnexis, 2017, sec. 3810, pág. 410. **Ahora bien, puntualiza que deberán observarse estrictamente las formas prescritas por la regla precitada.** *Íd.*, pág. 409. **Por ello, es responsabilidad de los tribunales ejercer su discreción al considerar estas mociones**. *ELA v. Isla Verde Inv. Corp.*, 98 DPR 255, 260 (1970). (Énfasis nuestro).

### C. *Desestimación de conformidad con la Regla 39(a) de Procedimiento Civil*

Nuestro ordenamiento jurídico favorece la ventilación de los casos en sus méritos. *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 221 (2001); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992). No obstante, una parte no ostenta el derecho de prolongar la vida de su caso "sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales". *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 816 (1986). En esas instancias, los tribunales poseen la facultad "para imponer una serie de sanciones contra aquella parte que incumpla una orden del tribunal". *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, 212 DPR 807, 818 (2023).

A esos fines, la Regla 39.2(a), 32 LPRA Ap. V, R. 39.2(a), preceptúa la normativa de desestimación en el contexto incumplimiento de órdenes judiciales:

**(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra esta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.** (Énfasis nuestro).

Ante un cuadro de falta de diligencia, los tribunales "tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte; ese proceder, sin embargo, se debe ejercer juiciosa y apropiadamente". *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). No obstante, la precitada regla fija un proceso de notificaciones y apercibimientos previos a la desestimación del caso. Este mecanismo procesal procura que una parte responda prontamente con el fin de alcanzar la solución justa, rápida y económica de los casos y que las controversias se puedan atender en los méritos. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc., supra*, pág. 818. Véase, también, *Valentín v. Mun. de Añasco*, 145 DPR 887, 896 (1998*).

Así pues, cuando surge una situación que amerite la imposición de sanciones, el tribunal debe amonestar primeramente al abogado de la parte y apercibir directamente a la parte al respecto. *Mejías v. Carrasquillo*, 185 DPR 288, 297 (2012). Si la acción disciplinaria no produce efectos positivos, entonces procede la desestimación de la demanda o la eliminación de las alegaciones, siempre y cuando la parte haya sido debidamente informada y apercibida de las consecuencias que acarrea el incumplimiento. *Mejías v. Carrasquillo, supra*; *Mun. de Arecibo v. Almac. Yakima, supra*, págs. 222-223.

Cabe señalar que, un tribunal no podrá imponer sanciones drásticas cuando "la parte que ejercita su derecho en corte no está informada de los trámites rutinarios". *Dávila v. Hosp. San Miguel, Inc., supra*, pág. 814; *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 830 (1962). Al evaluar si procede imponer la sanción severa de la desestimación, debe emplear un balance entre los intereses en pugna que incluyen, por un lado, la mencionada política judicial de atender los casos en sus méritos y, por el otro, procurar la rápida dilucidación de las controversias. *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 264 (2021).

Por tanto, es menester destacar que, **la vía desestimatoria debe ser el último recurso por utilizarse, después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia, y en todo caso, no deber imponerse sin un previo apercibimiento**. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 700-701 (2020); *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 830 (1962). (Énfasis nuestro). La privación a un litigante de su día en corte es una medida procedente solo en casos extremos. *Costas Elena v. Magic Sport*

*Culinary Corp.*, 2024 TSPR 13, 213 DPR ___ (2024); *Rosario v. Nationwide Mut.*, 158 DPR 775, 780 (2003). Ello responde a "que sanciones como la desestimación de un pleito o la eliminación de las alegaciones son medidas drásticas que chocan con nuestra política pública a favor de que los casos se ventilen en sus méritos". *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, *supra*, pág. 701.

### III.

En el recurso presente, Galaxia señala que incidió el Tribunal de Primera Instancia al no acoger su proyecto de sentencia por consentimiento en virtud del acuerdo alcanzado por las partes. A su vez, sostiene que erró al ordenar la presentación de los endosos para acreditar la transferencia del pagaré hipotecario. En esa dirección, argumenta que tal requerimiento es contrario a las Reglas de Procedimiento Civil y la Ley de Transacciones Comerciales.[29] Por lo anterior, razona que el foro *a quo* abusó de su discreción al desestimar su reclamación bajo el fundamento de incumplimiento de orden.

Examinado sosegadamente el expediente a nuestra consideración, concluimos que erró el tribunal al desestimar la causa de acción presente de conformidad con la Regla 39.2(a) de Procedimiento Civil, *supra.* El trámite procesal del recurso ante nos devela que no existían las condiciones jurídicas para activar un procedimiento sancionador drástico al amparo de la precitada regla. Veamos.

Este caso amerita reseñar de manera ponderada sus particularidades. El 19 de abril de 2024, la entidad demandante presentó una *Solicitud de Sentencia por Consentimiento*. En este

---

[29] Ley Núm. 208 de 17 de agosto de 1995, 19 LPRA sec. 401.

escrito, peticionó que el foro primario emitiera un dictamen que estableciera que tiene a su favor un pagaré hipotecario sobre el inmueble descrito en la *Demanda*. Al evaluar su solicitud, el tribunal ordenó la presentación de los siguientes documentos: (1) copia de la escritura de hipoteca, (2) copia alterna del pagaré en que figuren los endosos de forma legible, (3) certificación registral y (4) declaración jurada en torno al balance adeudado. De conformidad con lo anterior, Galaxia presentó un escrito intitulado *Cumplimiento de Orden,* en el cual aseveró que sometió los documentos requeridos por el tribunal.

En el contexto de la sentencia por consentimiento peticionada, el foro primario ordenó celebrar una vista el 15 de abril de 2024 para efectuar el examen del pagaré con sus endosos en original. Llegado ese día, la representación legal de la parte demandante y la señora Meléndez Santana no estuvieron presentes por razones de salud. Por tanto, el tribunal celebró la vista el 29 de abril de 2024. En este procedimiento, emitió la siguiente directriz:

> **El Tribunal concede el término de treinta (30) días a la parte demandante para justificar el tracto de los endosos. A su vez, requiere evidencia del negocio jurídico mediante el cual Galaxia obtuvo la acreencia, toda vez que el endoso a su favor consta en un folio aparte que no tiene referencia al número del préstamo o el nombre de la deudora. La parte demandante solicita se notifique por escrito la orden del Tribunal**.[30]

**En lo pertinente, consta una *Minuta*, cuya notificación corresponde al 22 de mayo de 2024**.[31] Ante tales circunstancias, resolvemos que el tribunal incidió al desestimar la demanda. La trayectoria procesal revela que el incumplimiento

---

[30] *Íd.*, pág. 151.
[31] Véase la entrada cuarenta y cinco (45) del Sistema Unificado de Manejo y Administración de Casos.

de orden atribuido a Galaxia es el resultado de la notificación tardía de la *Minuta* por parte del tribunal.

Por lo anterior, disponemos que el foro primario no debió activar el proceso de mostrar causa por la cual no desestimar al amparo de la Regla 39.2(a) de Procedimiento Civil, *supra.* Consecuentemente, tampoco debió decretar la drástica sanción de desestimación. Mediante tal actuación incurrió en una errada interpretación y aplicación la norma procesal.

Enfatizamos que la aplicación de la Regla 39.2(a) de Procedimiento Civil, *supra,* solo procede en aquellos escenarios en los que la parte demandante prolonga la vida de su caso "sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales". *Dávila v. Hosp. San Miguel, Inc., supra,* pág. 816. Adviértase, además, que la interpretación sosegada de esta regla exige que previo a decretar la sanción extrema de la desestimación, se notifique y aperciba a la parte demandante sobre la actuación de su representación legal. Por consiguiente, solo en aquellas instancias en las cuales la sanción menos drástica no produce efectos positivos, procede decretar la desestimación de la demanda. *Mejías v. Carrasquillo, supra,* pág. 297*; Mun. de Arecibo v. Almac. Yakima, supra,* págs. 222-22. En vista de que no existían las circunstancias para desestimar por incumplimiento de orden, reiteramos que el tribunal erró al desestimar la demanda al amparo la Regla 39.2(a) de Procedimiento Civil, *supra.*

Respecto al alegado error en torno a la sentencia por consentimiento, determinamos que el foro primario se aparta del ejercicio razonable producto de la discreción judicial, más aún

cuando las partes de epígrafe, debidamente representadas por sus abogados, suscribieron un acuerdo para que se dictara sentencia por consentimiento como parte del proceso de mediación de conflictos, donde las partes fueron orientadas y aceptaron libre y voluntariamente los términos y condiciones del mismo.

A la luz del tracto procesal reseñado y el derecho aplicable, revocamos la *Sentencia* desestimatoria apelada. En consecuencia, ordenamos al foro primario a que dicte sentencia de conformidad.

**IV.**

Por los fundamentos que anteceden, revocamos la *Sentencia* apelada. En consecuencia, ordenamos a que se dicte sentencia de conformidad.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones